IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.                                                                                          23-CR-6130 EAW

ROBERT BIBBINS,

                Defendant.

---

## PLEA AGREEMENT

The defendant, ROBERT BIBBINS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography, following a prior conviction under the laws of New York State relating to the possession of child pornography), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that the Court must impose an assessment of not more than $17,000 for the offense of conviction pursuant to Title 18, United States Code,

Section 2259A(a)(1), in addition to any other criminal penalty, restitution, or special assessment. The defendant further understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3. The defendant admits that he was previously convicted of the following crime, which conviction subjects the defendant to the enhanced penalties provided for in Title 18, United States Code, Section 2252A(b)(2):

   a. February 26, 2016, Monroe County Court: Possession of a Sexual Performance by a Child, New York State Penal Law Section 263.10.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements

for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

6. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> **First**: That the defendant knowingly possessed material that contained digital images of child pornography;
>
> **Second**: That the defendant knew the material contained images of child pornography; and
>
> **Third**: That the child pornography had been shipped or transported using any means or facility of interstate commerce; had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer; or had been produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means including by computer.

## FACTUAL BASIS

7. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about February 26, 2016, the defendant was convicted in Monroe County Court of Possession of a Sexual Performance by a Child in violation of New York State Penal Law Section 263.10.

   b. Between September 20, 2022 and September 22, 2022, while in the Western District of New York, the defendant possessed a TCL cellular phone, IMEI: 01585500239407, that contained images of child pornography as defined in Title 18, United States Code, Section 2256(8).

   c. The defendant downloaded the images via the internet, which is a means and facility of interstate and foreign commerce. The phone was manufactured in China and has therefore travelled in interstate and foreign commerce.

   d. The defendant acted knowingly, in that he knew both the nature and quality of the material that he possessed.

### III. SENTENCING GUIDELINES

8. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9. The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction and provides for a base offense level of 18.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the two-level increase pursuant to Guidelines § 2G2.2(b)(6) applies to the offense of conviction, because the offense involved the use of a computer.

4

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 20.

## ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in an offense level of 17.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of III, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 120 months, a fine of $10,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15. It is also the understanding of the government and the defendant that the United States Sentencing Commission has published a proposed amendment to Guidelines § 4A1.1 (adjusting the status points for offenders who commit the instant offense while on a criminal justice sentence), which would cause a change in the defendant's criminal history calculation, resulting in a criminal history calculation of II rather than III. The government agrees that a downward variance in the defendant's criminal history category from III to II as a result of the proposed amendment should be granted. The defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) on the basis of the reduction in criminal history category in the event the proposed status amendment of USSG § 4A1.1 is adopted and made retroactive by the Sentencing Commission. If this variance is granted by the Court, it is the understanding of the government and the defendant that, with a total offense level of 17 and a criminal history category of II, the defendant's sentencing range would still be a term of imprisonment of 120 months, fine of $10,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that, at sentencing, the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

16. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this

paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

17. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.  STATUTE OF LIMITATIONS

18. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V.  REMOVAL

19. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

20. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant

       concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

21.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

22.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 22-MJ-4141-MWP.

## VII.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

23.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim's or victims' compensable losses, but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing

Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

24. Pursuant to Title 18, United States Code, Section 3663(a)(3), Title 18, United States Code, Section 3663A(a), Title 18, United States Code, Section 3664, and Title 18, United States Code, Section 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

25. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees

9

to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

26. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

27. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments

and does not, in any way, limit those methods available to the United States to enforce the judgment.

28. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

29. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

30. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines § 3E1.1.

## VIII. APPEAL RIGHTS

31. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of 120 months, a fine of $10,000 to $250,000, and a period of supervised release of 5 years to life, notwithstanding the manner in which the Court determines the sentence. In the event of an

appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

32. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

33. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of 120 months, a fine of $10,000 to $250,000, and a period of supervised release of 5 years to life, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

34. The defendant understands that, pursuant to this plea agreement, the government has agreed not to charge the defendant with violations of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1) (receipt of child pornography following a prior conviction under the laws of New York State relating to the possession of child pornography) for which the minimum possible penalty is a term of imprisonment of 15 years per count and the maximum possible penalty is a term of imprisonment of 40 years per count.

## IX.    FORFEITURE

35.    The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following cellular phone which was seized by law enforcement officials during the criminal investigation:

    a.    One TCL cellular phone, IMEI: 01585500239407.

36.    Since the phone was an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the phone, and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

37.    The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy phone referred to in this agreement.

38.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the phone. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions

in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

39. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the phone. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the phone in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of the phone by the United States.

40. The defendant agrees that forfeiture of the phone as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the phone shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

41. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture and disposition of the phone survives and shall be given full force and effect.

## X.   TOTAL AGREEMENT AND AFFIRMATIONS

42. This plea agreement represents the total agreement between the defendant, ROBERT BIBBINS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
KYLE P. ROSSI
Assistant United States Attorney

Dated: August 2, 2023

## ACKNOWLEDGEMENT

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Wedade Abdallah, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
ROBERT BIBBINS
Defendant

Dated: August 2, 2023

_____
WEDADE ABDALLAH, ESQ.
Attorney for the Defendant

Dated: August 2, 2023