UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                                              CR- 23-CR-06130-001
                                              SENTENCING STATEMENT

       v.

ROBERT BIBBINS,

                             **Defendant.**

---

       WEDADE W. ABDALLAH, Assistant Federal Public Defender for the Western District of New York affirms as follows:

       I am licensed to practice law in the State of New York and the United States District Court for the Western District of New York. I represent Robert Bibbins .

       The factual representations made in this Statement are based on investigations by members of my office, including an examination of the electronic evidence in this case; conversation with Robert Bibbins; an examination of medical records; a review of the Presentence Investigation Report (PSR), dated November 1, 2023, and the following exhibits:

       Exhibit A:    Letter of Acceptance from Robert Bibbins;

       Exhibit B:    Letters of Support from Sheila Bibbins;

       Exhibit C:    Letter of Support from Robert Bibbins;

       Exhibit D:    Certificates of Completion from Monroe County Jail.

## Background

       On August 2, 2023, Robert Bibbins pled guilty to a one count Information charging possession of child pornography in violation of 18 U.S.C.§2252(a)(5)(B) and 2252A(b)(2). Mr. Bibbins will appear before this Court for sentencing on December 6, 2023. Robert Bibbins has

been held at the Monroe County Jail since November 18, 2022. During his incarceration Robert, has completed an Anger Management Program and a Drug and Alcohol Rehabilitation Program. *See* Exhibit D, Certificates of Completion. Mr. Bibbins respectfully requests that the Court consider the terms of the plea agreement, the letters of support submitted on behalf of Mr. Bibbins, his acceptance of responsibility and the following in fashioning a statement.

## **General Sentencing Authority**

The United States Supreme Court reaffirmed the importance of reserving sentencing discretion to federal district court judges, holding that:

> the federal sentencing statute...requires a sentencing court to consider Guidelines ranges..., but it permits the court to tailor the sentence in light of other statutory concerns as well.
>
> *United States v. Booker*, 543 U.S. 220, 245-246 (2005).

District courts are required to accurately calculate the sentencing guidelines before considering the §3553(a) factors. *United States v. Dorvee*, 616 F.3d 174, 182 (2d Cir. 2010). Once the district court properly calculates the Guidelines, it may not presume that a Guidelines sentence is reasonable for any particular defendant, and accordingly, must conduct its own independent review of the §3553(a) sentencing factors. *Id.* 18 U.S.C. §3553(a) directs the sentencing court to impose a sentence sufficient, but not greater than necessary to comply with the specific purposes of sentencing. These purposes are:

> (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (2) to afford adequate deterrence to criminal conduct;
>
> (3) to protect the public from further crimes of the defendant; and

>   (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In applying §3553(a) and its parsimony clause, the sentencing court must look to the nature and circumstances of the offense and the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the Guidelines themselves. *Dorvee*, 616 F.3d at 183.

18 U.S.C. §3661 directs that no limitation shall be placed on the information that the court may receive and consider for the purpose of imposing an appropriate sentence. The statutory construction of 18 U.S.C. §3553(a) supports the interpretation that the primary factors for the Court's consideration are the nature and circumstances of the offense and the history and characteristics of the defendant.

The importance of individualized sentencing is a central theme in federal criminal law. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate...the crime and punishment to ensue. *See Koon v. United States*, 518 U.S. 81, 113 (1996).

>   The Supreme Court reminded the district courts that:
>
>   The sentencing judge...has greater familiarity with...the individual case and the individual defendant before him than the Commission or the appeals court....He is therefore in a superior position to find facts and judge their import under §[3553(a)] in each particular case. *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (internal quotations omitted).

**Robert is at a Greater Risk of Being Physically and Sexually Abused in Prison**

Because Robert will enter the Bureau of Prisons (BOP) having been convicted of possessing child pornography, he is at greater risk of being physically and sexually abused in federal prison than other inmates.

Unfortunately for Robert, in the prison social hierarchy, "child molesters" and "snitches" occupy the lowest rung. Prisoner's rights activist Leslie Walker noted in an interview with ABC news that "child sex offenders are at risk of being murdered, having their food taken, having their cells defecated and urinated in. Their life is truly a living hell." [1]

To protect themselves from assault in prison, imprisoned sex offenders can request to be housed in solitary confinement. Although this solution addresses personal safety concerns within prison, the resulting isolation can be psychologically harmful. Long term solitary confinement is associated with "the decrease in the size of the hippocampus, the brain region related to learning, memory, and spatial awareness. . . a decrease in the formation of new neurons, and the eventual failure in hippocampal function. On the other hand, the amygdala increases its activity in response to isolation. This area mediates fear and anxiety, symptoms enhanced in prisoners in solitary confinement." [2]

Unfortunately for inmates like Robert, the BOP is simply not capable of providing safe, supportive, housing and treatment on any long-term basis. The less time spent in prison the sooner

---

[1] *See,* https://abcnews.go.com/US/prison-living-hell-pedophiles/story?id=90004. (last accessed November 27, 2023).

[2] *See,* Elena Blanco-Suarez, Ph.D., The Effects of Solitary Confinement on the Brain, *Psychology Today*, 2/27/2019, available at https://www.psychologytoday.com/us/blog/brain-chemistry/201902/the-effects-solitary-confinement-the-brain#:~:text=The%20sustained%20stress%20of%20extreme,activity%20in%20response%20to%20isolation. (last accessed November 27, 2023).

Robert can get the consistent psychological counseling and support that he needs. We ask the Court to recommend to the BOP that Robert be designated to a facility that has a sex offender management program (SOMP) so that Robert has access to sex offender treatment while imprisoned. This recommendation will also increase the likelihood that he is housed with individuals convicted of similar offenses and, thereby, reduce his risk of being physically and sexually abused within the BOP.

An exceptionally lengthy sentence will not serve as any greater deterrent to either society or to Robert.  In 2010 The Sentencing Project analyzed the deterrent effect of sentencing, concluding that "[e]xisting evidence does not support any significant public safety benefit of the practice of increasing the severity of sentences by imposing longer prison terms. In fact, research findings imply that increasingly lengthy prison terms are *counterproductive*. Overall, the evidence indicates that the deterrent effect of lengthy prison sentences would not be substantially diminished if punishments were reduced from their current levels." [3]

## Robert is Remorseful and Committed to Making Amends

Robert knows he committed a terrible crime.  Robert has accepted responsibility for his actions. In his letter to the Court, Robert expresses remorse and apologizes for his behavior. *See* Exhibit A, Letter of Acceptance from Robert Bibbins.

---

[3] *See,* Wright, Valerie, Deterrence in Criminal Justice, Evaluating Certainty vs. Severity of Punishment, 2010,chrome-xtension://efaidnbmnnnibpcajpcglclefindmkaj/http://www.antoniocasella.eu/nume/Wright_2010.pdf (last accessed November 27, 2023).

## Conclusion

For all of these reasons, Robert Bibbins respectfully requests that this Court consider his remorse and acceptance of responsibility; and his family support, and impose a sentence that is sufficient, but not greater than necessary, along with an appropriate length of supervision.

DATED:  Rochester, New York
           November 27, 2023

Respectfully submitted,

**/s/ Wedade W. Abdallah**
Wedade W. Abdallah
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street Suite 400
Rochester, New York 14614
(585) 263-2601; FAX: 585-263-5871
Wedade_Abdallah @fd.org
*Counsel for Robert J. Bibbins*

TO:  **Kyle Rossi**
     Assistant United States Attorney
     **Andrew Sgroi**
     United States Probation Officer